FILED
3/19/2021 2:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

DC-21-03599

CAUSE NO. _____

| | | |
|---|---|---|
| **LADARRIUS HARRIS;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **MATILDE ROSQUETTE; AND** | § | |
| **WERNER ENTERPRISES, INC.;** | § | |
| | § | 191st |
| **Defendants.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Ladarrius Harris files Plaintiff's Original Petition complaining of

Defendants Matilde Rosquette and Werner Enterprises, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$250,000 but not more than $1,000,000.  The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

**EXHIBIT A**

### III. PARTIES

Plaintiff Ladarrius Harris is an individual resident of Grand Prairie, Dallas County, Texas. His driver's license number is *****909.

Defendant Matilde Rosquette is an individual resident of Glendora, Los Angeles County, California and may be served with process at 1107 Bradford Drive, Glendora, California 91740.

Defendant Werner Enterprises, Inc. is a corporation doing business in Dallas, Dallas County, Texas and may be served with process by serving its registered agent John Vidaurri, at 8701 Peterbilt Avenue, Dallas, Texas 75241.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Saturday, January 9, 2021 at or near the 200 Block of IH-20 Westbound within the city limits of Grand Prairie, Dallas County, Texas.  Plaintiff Ladarrius Harris was operating his vehicle westbound on IH-20 West in the right lane. Defendant Matilde Rosquette was operating her 18-wheeler westbound on IH-20 West in the left lane.  Defendant Matilde Rosquette made an unsafe lane change

into Plaintiff's lane colliding hard with the driver's side of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A.    NEGLIGENCE – DEFENDANT MATILDE ROSQUETTE

At the time of the motor vehicle collision, Defendant Matilde Rosquette was operating her 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate her 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1.    Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2.    Defendant changed lanes when unsafe to do so;

3.    Defendant failed to drive in a single lane;

4.    Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

5.    Defendant failed to timely apply the brakes of her 18-wheeler in order to avoid the collision in question; and

6.    Defendant failed to operate her 18-wheeler at a safe speed.

### B.    NEGLIGENT ENTRUSTMENT – DEFENDANT WERNER ENTERPRISES, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Werner Enterprises, Inc. was the owner of the vehicle driven by Defendant Matilde Rosquette.  Defendant Werner Enterprises, Inc. entrusted the vehicle to Defendant Matilde Rosquette.

Defendant Matilde Rosquette was unlicensed, incompetent, and/or reckless and Defendant Werner Enterprises, Inc. knew or should have known that Defendant Matilde Rosquette was unlicensed, incompetent, and/or reckless.  Defendant Matilde Rosquette's negligence on the occasion in question proximately caused the collision.

**C.     NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.**

Defendant Werner Enterprises, Inc. failed to properly train and/or supervise Defendant Matilde Rosquette in order to prevent such collision.

**D.     GROSS NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant Werner Enterprises, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant Werner Enterprises, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant Werner Enterprises, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant Werner Enterprises, Inc. created and/or fostered an environment of profits above safety for driver Defendant Matilde Rosquette, contributing to the cause of this collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.      Medical expenses in the past and future;

    b.      Physical pain and suffering in the past and future;

    c.      Mental anguish in the past and future; and

    d.      Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

    1.      Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.      Plaintiff's future medical expenses;

3.      Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

4.      Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

5.      Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

6.      Interest on the judgment at the legal rate from the date of judgment;

7.      Pre-judgment interest on Plaintiff's damages as allowed by law;

8.      All costs of court; and

9.      Such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**


BY: */s/ Rachel Hatten Adams*
**RACHEL HATTEN ADAMS**
State Bar No. 24101883
rachel.hatten@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-03599

LADARRIUS HARRIS

vs.

MATILDE ROSQUETTE, et al

191st District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: LADARRIUS HARRIS

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **WERNER ENTERPRISES, INC.**
      **BY SERVING REGISTERED AGENT JOHN VIDAURRI**
      **8701 PETERBILT AVE**
      **DALLAS TEXAS 75241**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LADARRIUS HARRIS**

Filed in said Court  **19th day of March, 2021** against

**MATILDE ROSQUETTE, ET AL**
For Suit, said suit being numbered **DC-21-03599,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      ANGELA CONEJO



| ESERVE |
|---|
| **CITATION** |
| **DC-21-03599** |
| **LADARRIUS HARRIS** <br> **vs.** <br> **MATILDE ROSQUETTE, et al** |
| ISSUED THIS <br> **29th day of March, 2021** |
| FELICIA PITRE <br> Clerk District Courts, <br> Dallas County, Texas |
| By:  ANGELA CONEJO, Deputy |
| **Attorney for Plaintiff** <br> **RACHEL HATTEN ADAMS** <br> **WITHERITE LAW GROUP PLLC** <br> **10440 N CENTRAL EXPY STE 440** <br> **DALLAS TEXAS  75231-2228** <br> **214-378-6665** <br> rachel.hatten@witheritelaw.com |
| **DALLAS COUNTY** <br> **SERVICE FEES** <br> **NOT PAID** |

# OFFICER'S RETURN

Case No. :  DC-21-03599

Court No.191st District Court

Style: LADARRIUS HARRIS

 vs.

MATILDE ROSQUETTE, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $ _____ | of _____ County, _____ |  |
| For Notary | $_____ | By _____ Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **MATILDE ROSQUETTE**
      **1107 BRADFORD DRIVE**
      **GLENDORA CALIFORNIA  91740**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LADARRIUS HARRIS**

Filed in said Court  **19th day of March, 2021** against

**MATILDE ROSQUETTE, ET AL**
For Suit, said suit being numbered **DC-21-03599,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
     ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-03599**

**LADARRIUS HARRIS**
**vs.**
**MATILDE ROSQUETTE, et al**

ISSUED THIS
**29th day of March, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**RACHEL HATTEN ADAMS**
**WITHERITE LAW GROUP PLLC**
**10440 N CENTRAL EXPY STE 440**
**DALLAS TEXAS  75231-2228**
**214-378-6665**
rachel.hatten@witheritelaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03599

Court No.191st District Court

Style: LADARRIUS HARRIS

 vs.

MATILDE ROSQUETTE, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                      |              |                                              |
|----------------------|--------------|----------------------------------------------|
| For serving Citation | $_____  | _____ |
| For mileage          | $ _____  | of _____ County, _____ |
| For Notary           | $_____   | By _____ Deputy       |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
4/21/2021 8:40 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

## CAUSE NO. DC-21-03599

| | | |
|---|---|---|
| **LADARRIUS HARRIS;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **MATILDE ROSQUETTE; AND** | § | |
| **WERNER ENTERPRISES, INC.;** | § | |
| | § | |
| **Defendants.** | § | **191ST JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Ladarrius Harris files Plaintiff's First Amended Petition complaining of Defendants Matilde Rosquette and Werner Enterprises, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III. PARTIES

Plaintiff Ladarrius Harris is an individual resident of Grand Prairie, Dallas County, Texas. His driver's license number is *****909.

Defendant Matilde Rosquette is an individual resident of Glendora, Los Angeles County, California and may be served with process at 1107 Bradford Drive, Glendora, California 91740.

Defendant Werner Enterprises, Inc. is a corporation doing business in Houston, Harris County, Texas and may be served with process by serving its registered agent Corporate Creations Network, at 5444 Westheimer Road #1000, Houston, Texas 77056.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Saturday, January 9, 2021 at or near the 200 Block of IH-20 Westbound within the city limits of Grand Prairie, Dallas County, Texas.  Plaintiff Ladarrius Harris was operating his vehicle westbound on IH-20 West in the right lane. Defendant Matilde Rosquette was operating her 18-wheeler westbound on IH-20

West in the left lane.  Defendant Matilde Rosquette made an unsafe lane change into Plaintiff's lane colliding hard with the driver's side of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

**A.     NEGLIGENCE – DEFENDANT MATILDE ROSQUETTE**

At the time of the motor vehicle collision, Defendant Matilde Rosquette was operating her 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate her 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1.     Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2.     Defendant changed lanes when unsafe to do so;

3.     Defendant failed to drive in a single lane;

4.     Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

5.     Defendant failed to timely apply the brakes of her 18-wheeler in order to avoid the collision in question; and

6.     Defendant failed to operate her 18-wheeler at a safe speed.

**B.     NEGLIGENT ENTRUSTMENT – DEFENDANT WERNER ENTERPRISES, INC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Werner Enterprises, Inc. was the owner of the vehicle driven by Defendant Matilde Rosquette.  Defendant Werner

Enterprises, Inc. entrusted the vehicle to Defendant Matilde Rosquette.

Defendant Matilde Rosquette was unlicensed, incompetent, and/or reckless and

Defendant Werner Enterprises, Inc. knew or should have known that Defendant

Matilde Rosquette was unlicensed, incompetent, and/or reckless.  Defendant

Matilde Rosquette's negligence on the occasion in question proximately caused

the collision.

## C.    NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.

Defendant Werner Enterprises, Inc. failed to properly train and/or

supervise Defendant Matilde Rosquette in order to prevent such collision.

## D.    GROSS NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.

In addition to actual damages, Plaintiff seeks to recover exemplary or

punitive damages from Defendant Werner Enterprises, Inc., because

Defendant's conduct was of such character as to constitute gross negligence.

Defendant Werner Enterprises, Inc.'s actions in connection with the collision

involved an extreme degree of risk, considering the probability and magnitude of

the potential harm to Plaintiff and to other users of the public roadways.

Defendant Werner Enterprises, Inc. had actual, subjective knowledge of the risk

involved, but nevertheless acted in conscious indifference to the rights, safety,

and welfare of others, including the Plaintiff, when Defendant Werner

Enterprises, Inc. created and/or fostered an environment of profits above safety

for driver Defendant Matilde Rosquette, contributing to the cause of this collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.   Medical expenses in the past and future;

b.   Physical pain and suffering in the past and future;

c.   Mental anguish in the past and future; and

d.   Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.   Plaintiff's future medical expenses;

3.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

4.   Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

5.   Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

6.   Interest on the judgment at the legal rate from the date of judgment;

7.   Pre-judgment interest on Plaintiff's damages as allowed by law;

8.   All costs of court; and

9.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**


BY: _/s/ Rachel Hatten Adams_
      **RACHEL HATTEN ADAMS**
      State Bar No. 24101883
      rachel.hatten@witheritelaw.com
      **SHELLY GRECO**
      State Bar No. 24008168
      shelly.greco@witheritelaw.com
      10440 N. Central Expressway
      Suite 400
      Dallas, TX 75231-2228
      214/378-6665
      214/378-6670 (fax)

      **ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Caitlin Christiansen on behalf of Rachel Hatten
Bar No. 24101883
caitlin.christiansen@witheritelaw.com
Envelope ID: 52663793
Status as of 4/22/2021 3:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Robyn Caldwell | | robyn.caldwell@witheritelaw.com | 4/21/2021 8:40:02 AM | SENT |
| Rachel Hatten | | rachel.hatten@witheritelaw.com | 4/21/2021 8:40:02 AM | SENT |

**FORM NO.  353-3 - CITATION**
**THE STATE OF TEXAS**

To:    **WERNER ENTERPRISES, INC.**
       **BY SERVING ITS REGISTERED AGENT, CORPORATE CREATIONS NETWORK**
       **5444 WESTHEIMER ROAD #1000**
       **HOUSTON TEXAS 77056**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S  FIRST AMENDED PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LADARRIUS HARRIS**

Filed in said Court  **21st day of April, 2021** against

**MATILDE ROSQUETTE, ET AL**
For Suit, said suit being numbered **DC-21-03599,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-03599**

**LADARRIUS HARRIS**
vs.
**MATILDE ROSQUETTE, et al**

ISSUED THIS
**23rd day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**RACHEL HATTEN ADAMS**
**WITHERITE LAW GROUP PLLC**
**10440 N CENTRAL EXPY., STE 440**
**DALLAS TEXAS  75231-2228**
**214-378-6665**
rachel.hatten@witheritelaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03599

Court No.191st District Court

Style: LADARRIUS HARRIS

 vs.

MATILDE ROSQUETTE, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:     MATILDE ROSQUETTE
        1107 BRADFORD DRIVE
        GLENDORA CALIFORNIA  91740

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S  FIRST AMENDED PETITION**, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LADARRIUS HARRIS**

Filed in said Court  **21st day of April, 2021** against

**MATILDE ROSQUETTE, ET AL**

For Suit, said suit being numbered **DC-21-03599,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-03599**

**LADARRIUS HARRIS**
**vs.**
**MATILDE ROSQUETTE, et al**

ISSUED THIS
**23rd day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
**RACHEL HATTEN ADAMS**
**WITHERITE LAW GROUP PLLC**
**10440 N CENTRAL EXPY., STE 440**
**DALLAS TEXAS  75231-2228**
**214-378-6665**
rachel.hatten@witheritelaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03599

Court No.191st District Court

Style: LADARRIUS HARRIS

 vs.

MATILDE ROSQUETTE, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

*Rosquette, Matile*
*2021675588*
*1-9-21*     04/30/2021
*VB*
*AH___MP*

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2021-113

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Werner Enterprises, Inc. |
| 2. | **Title of Action:** | Ladarrius Harris vs. Matile Rosquette; and Werner Enterprises, Inc. |
| 3. | **Document(s) Served:** | Citation<br>Automated Certificate of eService<br>Plaintiff's First Amended Petition |
| 4. | **Court/Agency:** | Dallas County 191st Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | DC-21-03599 |
| 7. | **Case Type:** | Negligence |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 04/29/2021 |
| 10. | **Date to Client:** | Friday 04/30/2021 |
| 11. | **# Days When Answer Due<br>Answer Due Date:** | See Notes    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Rachel Hatten Adams<br>Dallas, TX<br>214-378-6665 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **WERNER ENTERPRISES, INC.**
      **BY SERVING ITS REGISTERED AGENT, CORPORATE CREATIONS NETWORK**
      **5444 WESTHEIMER ROAD #1000**
      **HOUSTON TEXAS 77056**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S FIRST AMENDED PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LADARRIUS HARRIS**

Filed in said Court **21st day of April, 2021** against

**MATILDE ROSQUETTE, ET AL**
For Suit, said suit being numbered **DC-21-03599,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-03599**

**LADARRIUS HARRIS**
vs.
**MATILDE ROSQUETTE, et al**

ISSUED THIS
**23rd day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
**RACHEL HATTEN ADAMS**
**WITHERITE LAW GROUP PLLC**
**10440 N CENTRAL EXPY., STE 440**
**DALLAS TEXAS 75231-2228**
**214-378-6665**
**rachel.hatten@witheritelaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-03599

Court No.191st District Court

Style: LADARRIUS HARRIS

vs.

MATILDE ROSQUETTE, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____.

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  | For serving Citation | $_____ | _____ |  |
|--|--|--|--|--|
|  | For mileage | $_____ | of _____ County, _____ |  |
|  | For Notary | $_____ | By _____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 52801857
Status as of 4/26/2021 9:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel Hatten | | rachel.hatten@witheritelaw.com | 4/26/2021 9:38:34 AM | SENT |

I UH ESERVE
Case 3:21-cv-01029-X   Document 1-1   Filed 05/06/21   Page 28 of 41   PageID 32

4/21/2021 8:40 A
FELICIA PITF
DISTRICT CLEF
DALLAS CO., TEX/
Belinda Hernandez DEPU'

## CAUSE NO. DC-21-03599

| | | |
|---|---|---|
| LADARRIUS HARRIS; | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| MATILDE ROSQUETTE; AND | § | |
| WERNER ENTERPRISES, INC.; | § | |
| | § | |
| **Defendants.** | § | 191ST JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Ladarrius Harris files Plaintiff's First Amended Petition complaining

of Defendants Matilde Rosquette and Werner Enterprises, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$250,000 but not more than $1,000,000.  The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

## III. PARTIES

Plaintiff Ladarrius Harris is an individual resident of Grand Prairie, Dallas County, Texas. His driver's license number is *****909.

Defendant Matilde Rosquette is an individual resident of Glendora, Los Angeles County, California and may be served with process at 1107 Bradford Drive, Glendora, California 91740.

Defendant Werner Enterprises, Inc. is a corporation doing business in Houston, Harris County, Texas and may be served with process by serving its registered agent Corporate Creations Network, at 5444 Westheimer Road #1000, Houston, Texas 77056.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Saturday, January 9, 2021 at or near the 200 Block of IH-20 Westbound within the city limits of Grand Prairie, Dallas County, Texas.  Plaintiff Ladarrius Harris was operating his vehicle westbound on IH-20 West in the right lane. Defendant Matilde Rosquette was operating her 18-wheeler westbound on IH-20

West in the left lane. Defendant Matilde Rosquette made an unsafe lane change into Plaintiff's lane colliding hard with the driver's side of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

### VI. CAUSES OF ACTION

### A.   NEGLIGENCE – DEFENDANT MATILDE ROSQUETTE

At the time of the motor vehicle collision, Defendant Matilde Rosquette was operating her 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate her 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1.   Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2.   Defendant changed lanes when unsafe to do so;

3.   Defendant failed to drive in a single lane;

4.   Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

5.   Defendant failed to timely apply the brakes of her 18-wheeler in order to avoid the collision in question; and

6.   Defendant failed to operate her 18-wheeler at a safe speed.

### B.   NEGLIGENT ENTRUSTMENT – DEFENDANT WERNER ENTERPRISES, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Werner Enterprises, Inc. was the owner of the vehicle driven by Defendant Matilde Rosquette. Defendant Werner

Enterprises, Inc. entrusted the vehicle to Defendant Matilde Rosquette.

Defendant Matilde Rosquette was unlicensed, incompetent, and/or reckless and

Defendant Werner Enterprises, Inc. knew or should have known that Defendant

Matilde Rosquette was unlicensed, incompetent, and/or reckless.  Defendant

Matilde Rosquette's negligence on the occasion in question proximately caused

the collision.

**C.    NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.**

Defendant Werner Enterprises, Inc. failed to properly train and/or

supervise Defendant Matilde Rosquette in order to prevent such collision.

**D.    GROSS NEGLIGENCE – DEFENDANT WERNER ENTERPRISES, INC.**

In addition to actual damages, Plaintiff seeks to recover exemplary or

punitive damages from Defendant Werner Enterprises, Inc., because

Defendant's conduct was of such character as to constitute gross negligence.

Defendant Werner Enterprises, Inc.'s actions in connection with the collision

involved an extreme degree of risk, considering the probability and magnitude of

the potential harm to Plaintiff and to other users of the public roadways.

Defendant Werner Enterprises, Inc. had actual, subjective knowledge of the risk

involved, but nevertheless acted in conscious indifference to the rights, safety,

and welfare of others, including the Plaintiff, when Defendant Werner

Enterprises, Inc. created and/or fostered an environment of profits above safety

for driver Defendant Matilde Rosquette, contributing to the cause of this collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.    Medical expenses in the past and future;

b.    Physical pain and suffering in the past and future;

c.    Mental anguish in the past and future; and

d.    Physical impairment in the past and future.

## VIII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.   Plaintiff's future medical expenses;

3.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

4.   Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

5.   Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

6.   Interest on the judgment at the legal rate from the date of judgment;

7.   Pre-judgment interest on Plaintiff's damages as allowed by law;

8.   All costs of court; and

9.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Rachel Hatten Adams*
    **RACHEL HATTEN ADAMS**
    State Bar No. 24101883
    rachel.hatten@witheritelaw.com
    **SHELLY GRECO**
    State Bar No. 24008168
    shelly.greco@witheritelaw.com
    10440 N. Central Expressway
    Suite 400
    Dallas, TX 75231-2228
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Caitlin Christiansen on behalf of Rachel Hatten
Bar No. 24101883
caitlin.christiansen@witheritelaw.com
Envelope ID: 52663793
Status as of 4/22/2021 3:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robyn Caldwell | | robyn.caldwell@witheritelaw.com | 4/21/2021 8:40:02 AM | SENT |
| Rachel Hatten | | rachel.hatten@witheritelaw.com | 4/21/2021 8:40:02 AM | SENT |

APR 2 9 2021

FILED
5/4/2021 1:06 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

WER.13590

## CAUSE NO. DC-21-03599

| | | |
|---|---|---|
| **LADARRIUS HARRIS;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **MATILDE ROSQUETTE; AND** | § | |
| **WERNER ENTERPRISES, INC.;** | § | |
| | § | |
| **Defendants.** | § | **191st JUDICIAL DISTRICT** |

## DEFENDANT WERNER ENTERPRISES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **WERNER ENTERPRISES, INC.**, one of the above named Defendants in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.    Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

### II.
### JURY DEMAND

2.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.  The jury fee was previously paid by the Plaintiffs.

### III.
### AFFIRMATIVE DEFENSES

3.    Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or

non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

4.     Defendant specifically pleads the affirmative defense of contributory negligence and allege that the damages sustained by Plaintiff, if any, were proximately caused in whole or in part by the conduct of Plaintiff or by any other party, settling party, designated responsible third party and/or non-party.  Defendant asserts that it is entitled to a reduction of damages awarded to the Plaintiff, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5.     Defendant affirmatively pleads that it is entitled to an offset and credit in the amount of any settlements obtained by Plaintiff for the claims in this matter from any other parties.

6.     Defendant would show that Plaintiff is limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7.     Defendant would show that Plaintiff is limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8.     Defendant assert that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant.  Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9.     Defendant would show that any physical disability complained of by Plaintiff, resulted from preexisting condition or disease and not aggravated or contributed to by complained of accident.

**IV.**
**PUNITIVE AND STATUTORY DAMAGES AND FINES**

10.    Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiff is barred from recovering punitive damages from this Defendant.  In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiff seeks.  Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

**V.**
**OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE**

11.    Defendant objects to Plaintiff's Rule 193.7 Notice contained in Plaintiff's Amended Original Petition as premature and improper.  Tex. R. Civ. P. 193.7 provides a producing party ten (10) days from the date actual notice that a document will be used to object to the authenticity of a document.  Defendant has been provided with no actual notice of Plaintiff's intent to use any particular document, and thus has no ability to object to such document's authenticity.  As discovery is just beginning in this matter, Defendant cannot conceive the scope and or breadth of the documents which may be produced in this litigation, and therefore does not waive its right to raise a good faith objection to the authenticity of a document or portion of a document which may nonetheless be responsive to Plaintiff's written discovery requests.  Additionally, Defendant's notice period to object to Plaintiff's general notice expired *before* the date its responsive pleading to the Original Petition is due.

**VI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant **WERNER ENTERPRISES,**

**INC.** pray that the Plaintiff take nothing by this suit, that Defendant Werner Enterprises, Inc. goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

_____

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
MICAH B. CHAMBERS
State Bar No. 24100552
mchambers@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100
(972) 934-9200 [FAX]

**ATTORNEYS FOR DEFENDANT WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served upon all attorneys of record in this cause of action on the 4th day of May, 2021 as indicated below.

*Via ECF*
**Rachel Hatten Adams**
**Shelly Greco**
WITHERITE LAW GROUP, PLLC
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228
rachel.hatten@witheritelaw.com
shelly.greco@witheritelaw.com
214-378-6665 - office
*Attorneys for Plaintiff*

_____

**DANIEL M. KARP**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 53091133
Status as of 5/5/2021 9:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel Hatten | | rachel.hatten@witheritelaw.com | 5/4/2021 1:06:59 PM | SENT |
| Robyn Caldwell | | robyn.caldwell@witheritelaw.com | 5/4/2021 1:06:59 PM | SENT |